SCHAERR
JAFFE LLP

August 6, 2026

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Heagney v. John Paul Mitchell SystemsNewsom*, No. 25-6818

Dear Ms. Dwyer:

We represent petitioner John Paul Mitchell Systems (JPMS) in this matter, and write under Fed. R. App. P. 28(j) to bring the Court's attention to the recent decision in *Rhode Island Office of General Treasurer ex rel. Employees Retirement System v. Boeing Co.*, __ F.4th __, 2026 WL 2083048 (4th Cir. July 20, 2026). *Boeing* supports the arguments in the appellant's brief (at 54-70) and the reply brief (at 29-35).

The Fourth Circuit favorably cited this Court's decision in *Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1032 (9th Cir. 2024), *see* 2026 WL 2083048, at *11 n.16, and recognized that the expert need not "actually calculate damages," *id.* at *13. It nonetheless reversed class certification, in

**Donald M. Falk** | PARTNER
DC Office (202) 787-1060
SF Office (415) 562-4942
Mobile (650) 269-2020
Email dfalk@schaerr-jaffe.com
Web www.schaerr-jaffe.com

**SCHAERR | JAFFE** LLP
1717 K Street NW, Suite 900
Washington, DC 20006
**San Francisco Office:**
One Embarcadero Center, Suite 1200
San Francisco, CA 94111

SCHAERR JAFFE LLP

part because the plaintiffs' damages expert had not committed to a specific methodology for determining class-wide damages.

Like Plaintiffs' expert in this case, the expert in *Boeing* "merely described examples of what he might or could use," but "never identified the actual approach that he would use or how he specifically planned to calculate damages based on that approach." *Id.* at *14. As the Fourth Circuit explained, however, "[a] menu of options that the party will decide on later is not a damages methodology." *Id.* at *11. Plaintiffs cannot merely "give examples of what they might, or could, do to measure damages—they have to tell the district court what their actual methodology is and how it resolves the predominance inquiry." *Id.* at *11.

The legal consequence was clear: "Without a methodology, the district court has no way to rigorously evaluate whether damages are measurable on a class-wide basis, whether the damages methodology is consistent with the plaintiff's liability theory or whether the proposed methodology for measuring damages is reasonable." *Id.* at *13. And Rule 23 precludes excusing this failure on the ground that a post-certification report fixed the

flaws: "a plaintiff could bob and weave pre-certification and not commit to a firm methodology until he has the leverage of class certification to use as a sword in litigation." *Id.* at *17.

Respectfully submitted.

/s/ *Donald M. Falk*

Donald M. Falk